## Mary Hoffman, by Apolonia Hoffman, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,026.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. FRANK E. SHOPEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 20, 1917. Rehearing denied April 2, 1917.

### Statement of the Case.

Action by Mary Hoffman, a minor, by Apolonia Hoffman, her next friend, plaintiff, against Chicago Railways Company, a corporation, defendant, to recover damages for injuries received by plaintiff while walking across a public highway by being struck by a street car owned and operated by defendant. From a judgment for plaintiff for $1,500, defendant appeals.

THOMAS J. SYMMES and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

JAMES D. POWER, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1410*—*when verdict not disturbed as against weight of evidence.* The verdict in favor of the plaintiff in an action against a street railroad to recover damages for personal injuries, *held* not to be against the manifest weight of the evidence, as the jury were in better position than the Appellate Court to determine from the age, intelligence and experience of the plaintiff, together with the other facts and circumstances in evidence, whether plaintiff was in the exercise

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of ordinary care, and whether the defendant's servants in the operation of the car which caused plaintiff's injuries were negligent at and before the time in question.

2. DAMAGES, § 205*—*when instruction referring to declaration is not reversibly erroneous.* In an action to recover damages for personal injuries, where the declaration alleged such injuries would disable the plaintiff for the rest of her life from attending to her affairs and business, but no attempt was made to establish a basis for damages except for suffering, and the plaintiff's attending physician testified there was no permanent injury, *held* that there was no reversible error in giving an instruction as to estimating the amount of damages if the jury should find that the plaintiff had sustained damages "as charged in the declaration."

3. DAMAGES, § 129*—*when verdict for personal injuries is not excessive.* In an action to recover damages for personal injuries, where the plaintiff received a fracture of the neck of the right humerus, with a union of the fragments of the bone at the point of fracture, and there was three years later, at the time of trial, some limitation of motion, *held* that a verdict for $1,500 damages was not excessive.